UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

HUI X. RUAN, JIAN R. XIAO, MEI Z.                    1:26-cv-02189-TAM
XIAO, and BI Y. ZHENG,

                             Plaintiffs,

     v.

BARBARA WANG, 40 ROAD T7E LLC, QUEENS
11N LLC, BARBARA WANG, IN HER CAPACITY
AS TRUSTEE FOR THE BARBARA WANG LIVING
TRUST, and JIAN PENG, IN HIS CAPACITY AS
TRUSTEE FOR THE BARBARA WANG LIVING
TRUST,

                       Defendants.

-------------------------------------------------------------------------x

## DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C.§ 1367

PLEASE TAKE NOTICE that Defendants Barbara Wang, 40 Road T7E LLC, Queens 11N

LLC, Barbara Wang, in her capacity as trustee for the Barbara Wang Living Trust, and Jian Peng,

in his capacity as trustee for the Barbara Wang Living Trust, (collectively as "Defendants"), by

and through their undersigned counsel, hereby move this action from the United States District

Court for the Eastern District of New York ("(EDNY") to the United States District Court for the

Southern District of New York ("SDNY") pursuant to 28 U.S.C.§ 1367. In support of their motion

to transfer venue under 28 U.S.C.§ 1367, Defendants state as follows:

1

## I.    INTRODUCTION

This case arises from Plaintiffs' duplicate State Court Complaint field on April 06, 2026, and amended on April 8, 2026, in the Supreme Court of the State of New York, County of Queens, index no. 709913/2026 (the "State Court Unverified Complaint" or "State Court Complaint"). Plaintiffs brought their State Court Unverified Complaint stating, although Plaintiffs and other aides commenced a federal action, pending in the United States District Court for the Southern District of New York: *Li, Et al., v. GreatCare, Inc., Et al.,* No. 24-cv-7401 (LTS)(KHP) (the "Federal Action") against Defendants GreatCare, Inc., and other MLTC companies, Plaintiffs allege that Defendants paid Plaintiffs' aides for only 13 hours of every 24-hour live-in shift worked, in violation of the Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), and Wage Parity Act. Plaintiffs, however, became aware on January 2026 that Defendant BARBARA WANG has "near-total control over all of GreatCare's operations, including those decisions affecting the terms and conditions of the aides' employment." Therefore, Plaintiffs filed their State Court Unverified Complaint to "hold Defendant Wang individually liable as an employer under the NYLL for Plaintiffs' unpaid wages, overtime, spread of hours pay, and Wage Parity Act damages." Compl. ¶¶ 3, 5, 10.

On April 16, 2026, Defendants moved to remove the State Action to this EDNY pursuant to 28 U.S.C. §§ 1441, 1331, 1367 because this is the Federal District that geographically embraces the pending State Court Complaint under 28 U.S.C. § 1441(a). This case must be transferred to the SDNY because it involves facts, witnesses, and legal issues substantially identical to those pleaded in the Federal Action, currently pending in the SDNY. The State Court Unverified Complaint asserted here arise from the same nucleus of operative facts as the Federal Action, they fall within

that court's supplemental jurisdiction. Therefore, transfer promotes judicial economy and prevents the risk of inconsistent rulings.

**1. The Federal Action**

This action is a duplicative and substantively identical to an earlier-filed federal action now pending in the United States District Court for the Southern District of New York: *Li, Et al., v. GreatCare, Inc., Et al.,* No. 24-cv-7401 (LTS)(KHP), before Chief Judge Laura Taylor Swain and Magistrate Judge Katharine H. Parker (the "Federal Action.") On October 1, 2024, Plaintiffs and other aides filed the Federal Action against Defendants GreatCare, Inc., and other MLTC companies, alleging Defendants paid Plaintiffs' aides for only 13 hours of every 24-hour live-in shift worked in violation of the Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), and Wage Parity Act. Plaintiffs' complaint was later amended on August 18, 2025. The Federal Action discovery is ongoing; and on April 8, 2026, the Court Post Case Management Conference Order extended the discovery window until May 8, 2026.

**2. The State Action**

Plaintiffs brought the State Action on April 8, 2026 alleging that while they have commenced an active and unresolved federal lawsuit, *Li, Et al. v. GrealCare, Inc., Et al.,* No. 24-cv-7401 (LTS) (KHP), in the United States District Court for the Southern District of New York (the "Federal Action") against Defendants GreatCare, Inc. and other MLTC companies for their practice of paying Plaintiffs aides for only 13 hours of every 24-hour shift worked; however, it only came to Plaintiffs knowledge on January 2026 that Defendant Barbara Wang has "near-total control over all of GreatCare's operations, including those decisions affecting the terms and conditions of the aides' employment." Therefore, Plaintiffs filed their State Court Unverified Complaint to "hold Defendant Wang individually liable as an employer under the NYLL for

3

Plaintiffs' unpaid wages, overtime, spread of hours pay, and Wage Parity Act damages." Compl. ¶¶ 3, 5, 10.

On April 06, 2026, Plaintiffs filed this State Court Unverified Complaint in the Supreme Court of the State of New York, County of Queens, bearing index no. 709913/2026 (the "State Court Unverified Complaint" or "State Complaint") alleging additionally to the above that Defendants fraudulent transferred three pieces of real property for an LLC for no consideration. Compl. ¶ 7.

On April 08, 2026, Plaintiffs Amended their State Court Unverified Complaint to add Defendant Jain Peng, Barbara Wang's husband, on the basis he was a trustee and representative of Barbara Wang Living Trust, the trust that allegedly fraudulently transferred its three Queens properties to two Co-Defendant Limited Liability Companies (11N LLC and 40 Road T7E LLC.) So, Wang can "render herself judgement-proof." Amended Compl. ¶¶ 7, 11, 25. Plaintiffs filed their State Court Unverified Amended Complaint to hold Defendants for Plaintiffs unpaid wages, overtime, spread of hours pay, and Wage Parity Act damage; and to declare that Defendant Wang's violated N.Y. Debtor and Creditor Law § 273 because she, and her husband, fraudulently transferred three property from Barbara Wang Living Trust to an LLC without consideration; and to award Plaintiffs' attachment of the Defendants' properties, and enjoining the transfer of such properties. Amended Compl. ¶¶ 11, 150, 154.

Plaintiffs' State Court Unverified Complaint is identical to the pending and active Federal Action. The Unverified State Complaint repackages the same wage-and-hour theory and adds Wang as an individual, together with transferee entities/trust for alleged post-suit asset movements. The alleged facts of fraudulent transfer of Defendant Wang's property and injuries, *arguendo* true, cannot support or justify bringing duplicative litigation.

4

Defendant Wang and her husband took a loan and financed said property as early as back in 2014, it's their hard earned property and separate from Defendants' employer, GeatCare, Inc. Defendant Wang and her husband's transfer of their property have nothing to do with the Plaintiffs' baseless pending claim and is purely for investment purposes, such as a planned loan or a lawful and qualified tax deduction.

## II.    ARGUMENT
### 1. The SDNY Has a Proper Supplemental Jurisdiction Over the State NYLL Claim.

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses. Plaintiff's main cause of action is the alleged practice of paying Plaintiffs' aide 13 hours for their live-in 24-hour shift. Accordingly, Plaintiffs' State Unverified Amended Complaint raises the same question as the pending and active Federal Action and must be adjudicated together. Additionally, Plaintiffs alleged fraudulent transfer of Barbra Wang's property and Plaintiffs request to "pierce the corporate veil" (of GreatCare, Inc., the Defendant in the Federal Action) so to hold Ms. Wang individually liable is entirely based on the assumption of the pending Federal Action. Therefore, the issues raised in the State Court Complaint share the common nucleus of operative facts as the claims now pending the Federal Action and the State Court NYLL claim shall be heard as a supplement to the pending FLSA claim. Courts consider a claim under NYLL as an analogue to a claim under FLSA. New York Labor Law (NYLL) is the state analogue to the federal FLSA. See *Ethelberth v. Choice Sec. Co.,* 91 F. Supp. 3d 339 (E.D.N.Y. 2015). When considering whether statutory claims under FLSA and common law claims are duplicative, courts analyze whether FLSA and common law claims are grounded in same facts. *Ethelberth v. Choice Sec. Co.,* 91 F. Supp. 3d 339 (E.D.N.Y. 2015).

5

Plaintiffs allege in their State Court Unverified Complaint eights claims/counts; but, the "heart of their case is the allegation that Defendants failed to compensate them appropriately for all hours worked in violation of the FLSA and NYLL." Using the same phrase the Second Circuit used to describe similar case where the Second Circuit said: "Plaintiffs allege twelve claims in their complaints, but the heart of their case is the allegation that Defendants failed to compensate them appropriately for all hours worked in violation of the FLSA and NYLL". See *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 199 (2d Cir. 2013).

The Second Circuit disregarded this type of practice, adopting the artful-pleading doctrine. The Second Circuit ruled that Plaintiff, as master of the complaint, may preclude removal by electing to disregard an available federal dimension of claim and assert only a state law cause of action; but plaintiff may not do so in-artful pleading. See *Derrico v. Sheehan Emergency Hosp.,* 844 F.2d 22, 27 (2d Cir. 1988). Therefore, Plaintiffs have already crafted their alleged wage claims under federal and state statutes in their pending Federal Action. As a result, entertaining this action is a form of parallel litigation against the principle of judicial economy and other applicable doctrines. The alleged separate NYLL and common law basis to the State Court Complaint shall be disregard and adjudicated as a single case.

When Plaintiffs bring a FLSA and state claims, Courts concludes that federal question jurisdiction exists for Plaintiffs' FLSA claims and the exercise of supplemental jurisdiction over Plaintiff's state law wage claims is also appropriate. *Yong Kui Chen v. Wai? Café Inc.*, No. 10 Civ. 7254 (JCF). More specifically, in wage and hour cases, typically, supplemental jurisdiction is appropriate for NYLL claims during the employment relationship because those claims arise from the same underlying factual basis as FLSA claims. *Rivera v. Ndola Pharmacy Corp.*, 497

6

F.Supp.2d 381, 393 (E.D.N.Y. 2007) Accordingly, since the federal court gained the subject matter jurisdiction over Plaintiffs' prior claim, these state claims should be adjudicated as supplemental to the Plaintiffs' main unpaid wages claim now pending in the Federal Action.

In the Eastern District court have found that former employee's claims against his ex-employer employer under New York law for breach of contract and unjust enrichment, seeking recovery of overtime compensation, were duplicative of employee's claims for unpaid overtime under FLSA, and thus were preempted by FLSA; federal and common law claims were premised on same facts. *Ethelberth v. Choice Sec. Co.,* 91 F. Supp. 3d 339 (E.D.N.Y. 2015) Employee who succeeded on claims against employer for unpaid wages under both the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) was not entitled to duplicative recovery of liquidated damages under both statutes, and therefore, district court's award of liquidated damages under FLSA in the amount of $66,062 would be vacated in favor of the NYLL award in the amount of $144,677.64; prudence favored the larger of the two liquidated damages awards given that employers, in challenging the awards, pursued a position of all or nothing. *Rana v. Islam,* 887 F.3d 118 (2d Cir. 2018).

Accordingly, entertaining this State Complaint separately from the now pending Federal Action, creates a complete overlap in issues of whether Plaintiffs were employed by GreatCare and the MLTCs; whether Plaintiffs have a minimum wage claim, overtime, spread-of-hours, and Wage Parity Act benefits; and what wages and statutory damages are owed. Proceeding with this case in parallel to the Federal Action would duplicate discovery and risks inconsistent determinations. This Court should dismiss the state action as duplicative, or, at a minimum, stay or consolidate to avoid parallel proceedings and inconsistent rulings.

2.  **Plaintiffs Will Not Enjoy Any Extra Relief If This Case Was Remanded to The State Court**

NYLL adoption of the FLSA's overtime provisions as amended is unequivocal. Therefore, courts analyze New York state law overtime claims and FLSA overtime claims the same way; reasoning that the outcome under either law is invariably the same. See, e.g., *Dejesus,* 726 F.3d at 89 n.5 ("In light of the fact that the relevant portions of New York Labor Law do not diverge from the requirements of the FLSA, our conclusions below about the FLSA allegations apply equally to the NYLL state law claims.") (internal quotation marks and alternations omitted); *Chase,* 2024 WL 841266, at *5 ("As to the NYLL overtime claim alleged in the Amended Complaint, this claim is co-extensive with the claim for unpaid overtime under the FLSA and as such is dismissed for failure to state a claim, as well.") (internal citation omitted); *Gordon v. Kaleida Health,* 2012 WL 171577, at *5 (W.D.N.Y. Jan. 17, 2012) ("The NYLL overtime regulation expressly incorporates the FLSA's calculation provisions, and so recovery for overtime wages is precisely the same under either statute.").

Plaintiffs' claims that the patient "formal care plan required that she receive supervision at all times to protect her health and safety" See Amended Comp. ¶ 33.And "While providing 24-hour care services to Ms. C., Ms. Ruan did not receive 8 hours of sleep per 24-hour shift and Ms. Ruan did not receive five continuous, uninterrupted hours of sleep per 24-hour shift." See Amended Comp. ¶ 35.

Plaintiffs, ignore how the NYDOL and New York Court of Appeals interpret the availability to work phrase and have failed to allege they engaged in any compensable during the complete 24-hour period. The Wage Order states that "the minimum wage shall be paid for the time an employee ... is required to be available for work at a place prescribed by the employer." 12 NYCRR § 142- 2.1(b). The New York Court of Appeals has made clear that the phrase

8

"required to be available for work at a place prescribed by the employer" does not mean that the employee is merely required to be present on the employer's premises. See *Andryeyeva,* 33 N.Y.3d at 176. In terms of what it means to be "available for work," New York law distinguishes between the time employees are "on call" (which is compensable) or "subject to call" (which is not compensable). Id. at 179; see also NYDOL Opinion Letter RO-09-0169 (Mar. 11, 2010).

Employees could not recover liquidated damages under both the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) for an employer's minimum wage and overtime violations. While the stacked award of NYLL damages on top of FLSA liquidated damages had been premised on the view of NYLL damages as a penalty, based on the NYLL's requirement of proof of an employer's willfulness, the NYLL was amended to remove proof of willful conduct for an award liquidated damages; and thus, there was no longer a distinction between the award of liquidated damages under the NYLL and the FLSA. Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490 (S.D.N.Y. 2015)

   **3. Defendants claimed Transfer of their Property to LLC is based on the Merits and Final Disposition of the Federal Action Now Pending.**

Adjudicating the claimed Fraudulent Property Transfer is founded on two future overlapping issues under the umbrella of Federal Action: First, Plaintiffs succeed in their wages claim; and Second GreatCare, Inc. as an entity found unable to sustain the said liability damages; and therefore, adjudicate the piercing corporate veil issues which all is related, founded, and assumed on the now Pending Federal Action.

Under New York law, the corporate veil may be pierced, and the principal or a signatory held bound to the corporation's obligations, when the individual has used the corporate form "to achieve fraud, or when the corporation has been so dominated by an individual ... and its separate

9

identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego." *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600 (2d Cir. 1989) (quoting *Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir. 1979)); *see also William Passalacqua Build. v. Resnick Dev.*, 933 F.2d 131, 138 (2d Cir. 1991).

"The critical question is whether the corporation is a 'shell' being used by the individual shareowners to advance their own 'purely personal rather than corporate ends.' " (citations omitted)). In determining whether to disregard the corporate form and to hold the individual liable to the corporation's obligations, courts consider "(1) the intermingling of corporate and personal funds, (2) undercapitalization of the corporation, and (3) failure to maintain separate books and records or other formal legal requirements of the corporation." *Wrigley*, 890 F.2d at 600 (internal citations omitted). The standard for veil-piercing is "very demanding such that piercing the corporate veil is warranted only in extraordinary circumstances, and conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 525 (S.D.N.Y. 2015) (internal quotation marks omitted).

Therefore, in order to adjudicate the state claim fully and look at the issue of corporate veil, the trier of fact will need to have access to all the evidence presented in the Federal Action and duplicate the entire process.

## III.  CONCLUSION

Because the Federal Action involves the same parties and overlapping factual or legal issues, transferring this matter ensures a single, cohesive resolution and avoids the risk of inconsistent rulings. Remanding the State Court Complaint would necessitate duplicative discovery, redundant motions, and an unnecessary burden on the federal judiciary. There are no

equitable concerns or exceptional circumstances—such as bad faith or forum shopping—that would justify a departure from this standard rule of priority.

**WHEREFORE,** Defendant respectfully requests that this Court transfer this case to the United States District Court for the Southern District of New York.

Respectfully Submitted,

Dated: April 23, 2026

Flushing, New York

*/s/ Jose A. Muniz*

Jose A. Muniz, Esq. (3101)
39-15 Main Street - Suite 318
Flushing, New York 11354
Office: (718) 939-8880
Direct Phone Line: (646) 750-2185
Email: jamlaw305@gmail.com
*Attorney for Defendants*

To:  NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
Carmela Huang
Leah Lotto
Claudia Wilner
50 Broadway, 15th Floor
New York, NY 10004-3821
(646) 393-3048
huang@nclej.org
lotto@nclej.org
wilner@nclej.org

11